UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARRYL G. BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA PAROLE BOARD COMMISSIONERS,<br><br>Defendant. | Case No. 2:23-cv-00193-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Darryl Bowman's application to proceed *in forma pauperis* and Civil Rights Complaint. ECF Nos. 1, 1-1. While the application is complete, Plaintiff asserts claims on behalf of a third party as well as against the State of Nevada Parole Board Commissioners and Governor Lombardo. All of these claims fail as a matter of law.

**I.      Screening the Complaint**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint.

First, to the extent Plaintiff seeks relief on behalf of a third party—his wife—his claim fails because pro se plaintiffs may only represent themselves; they are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself.").

Second, Plaintiff seems to assert a First Amendment claim alleging the Parole Board and Governor Lombardo have interfered with his religious rights. However, because all defendants are sued in their official capacity, Plaintiff's claims fail. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir.1992) ("An official sued in his official capacity has the same immunity as the state, and is entitled to Eleventh Amendment immunity.").

Third, even if the Court considers Plaintiff's claims against Governor Lombardo as one asserting wrongdoing in his individual capacity, Plaintiff's claim fails. The claims against the Governor fail because Plaintiff has alleged no affirmative link between Governor Lombardo's conduct and the constitutional deprivation alleged. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976). With respect to the Parole Board, Plaintiff's claim fails because the Board is a Nevada state agency immune from suit. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bars suits in federal court against a state or its agencies); *Ruley v. Nevada Bd. of Prison Comm'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986) (Nevada Board of Parole is a state agency immune from suit); *Taormina v. California Department of Corrections*, 946 F.Supp. 829, 831 (S.D. Cal. Nov.27, 1996) (California Department of Corrections is a state agency for purposes of Eleventh Amendment analysis), *aff'd*, 132 F.3d 40 (9th Cir. 1997). If Plaintiff seeks to sue the individual

1    Commissioners, they too are immune from suit under the doctrine of quasi-judicial immunity that

2    protects parole commissioners exercising quasi-judicial responsibilities in rendering parole

3    decisions. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981). Here, Plaintiff complains of

4    a Parole Board decision reached with respect to his wife who was instructed, when reinstated to

5    parole, to have no contact with Plaintiff.

6    **III.    Recommendation**

7    Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF

8    No. 1-1) be dismissed with prejudice.

9    IT IS FURTHER RECOMMENDED that because Plaintiff cannot state a claim, the Court

10    recommends his application to proceed *in forma pauperis* (ECF No. 1) be DENIED.

11    Dated this 7th day of February, 2023.

12

13    ELAYNA J. YOUCHAH
      UNITED STATES MAGISTRATE JUDGE

14

15

16    **<u>NOTICE</u>**

17    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

18    in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has

19    held that the courts of appeal may determine that an appeal has been waived due to the failure to file

20    objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

21    held that (1) failure to file objections within the specified time and (2) failure to properly address

22    and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

23    factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

24    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

25

26

27

28

3